## TITLE TO GOODS DELIVERED SUBJECT TO APPROVAL.

Court of Appeals for Hamilton County.

IN RE CHARLOTTE T. BROWN ET AL.

Decided, January 31, 1916.

*Title—Remains in the Seller—Where Goods Delivered Subject to Approval—Are Retained for a Time Without Notice of Rejection.*

Where goods are placed in the house of a possible purchaser, without being selected by him or the selling price being made known to him, the fact that he permitted the goods to remain in the house without notice of rejection for eight days after a bill for them had been submitted does not render the sale complete and title remains in the seller.

*Samuel Wolfstein* and *Dempsey & Nieberding,* for W. H. Davis.

*Worthington, Strong & Stettinius,* for Loring Andrews.

*Thomas Bentham,* for trustee.

PER CURIAM.

After a consideration of the facts in this case and applying thereto the law of Ohio with regard to sales we reach the conclusion that on May 9, 1913, the title to the personal property in question was in the Loring Andrews Company and did not pass to the assignee.

Section 8399, General Code, provides:

"Rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer" and by the language of the section said rules do not apply where a different intention appears.

The goods were sent to Mrs. Brown's house on approval, and hence the second subdivision of rule 3 of Section 8399 would apply here. It provides:

"(2)　When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer—

"(a)　When he signifies his approval or acceptance to the seller, or does any other act adopting the transaction.

"(b)　If he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then, if a time has been fixed for the return of the goods, on the expiration of such time, and if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact."

Mrs. Brown had not signified her approval or acceptance of the goods, but she had retained them without notice of rejection. As no time was fixed for the return of the goods, the sale would be complete on expiration of a reasonable time, and what is a reasonable time is the question of fact in this case.

The time may vary owing to the circumstances of each case. Here no price was given Mrs. Brown on the goods. Most of the articles had not been selected by her, but were placed in her home during her absence. She had no intimation of the price or that the goods were charged to her as sold until eight days before the assignment. At that time and for months before, she was ill, insolvent and much worried over business affairs of a different nature, of greater magnitude and "nearer consequence." The fact that she let eight days elapse after receipt of this bill when she was obviously contemplating bankruptcy is not conclusive evidence that she accepted the goods. She could have returned the bill received by her with notice of rejection and would not have been indebted to the firm for same.

Such being the case the assignee or trustee has no claim upon the goods and the Loring Andrews Company are entitled to the proceeds of the sale of the property, to-wit, $1,200.